**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4134**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

JAMES MCGOWAN,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Timothy M. Cain, District Judge.
(6:13-cr-00905-TMC-1)

Submitted:  October 29, 2015          Decided:  November 17, 2015

Before DUNCAN, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher R. Antley, DEVLIN & PARKINSON, P.A., Greenville,
South Carolina, for Appellant. Carrie Fisher Sherard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James McGowan appeals from his convictions and 192-month sentence following a jury trial. The jury found him guilty of armed bank robbery, conspiracy to use a firearm in furtherance of a crime of violence, and brandishing a firearm during a crime of violence. On appeal, McGowan's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the district court should have dismissed the superseding indictment and whether the leadership enhancement was erroneous. The Government has declined to file a brief. McGowan has filed a pro se supplemental brief, raising several additional issues. After careful consideration of the entire record, we affirm.

I.

McGowan first contends that that both of his indictments were improper because the Government misrepresented facts to the grand jury. However, by failing to challenge the indictment in the district court in a timely manner under Fed. R. Crim. P. 12(b)(3), McGowan has waived his right to raise these issues on appeal. See United States v. Vernon, 723 F.3d 1234, 1261 (11th Cir. 2013) (holding that, absent good cause, untimely challenge to indictment is waived).

2

## II.

McGowan next contends that the district court plainly erred in admitting a firearm expert's testimony regarding his determination that the item one of the robbers is holding in the bank video pictures was possibly a firearm. However, McGowan failed to object to the testimony below, and thus, as counsel concedes, this claim is reviewed for plain error. We conclude that the testimony of other witnesses that one or both of the robbers carried a firearm rendered any error in the expert's identification harmless.

## III.

McGowan next avers that his sentence was improperly enhanced under U.S. Sentencing Guidelines Manual § 2B3.1(b)(4)(B) (2013). Section 2B1.3(b)(4)(B) provides for a two-offense-level increase when any person "was physically restrained to facilitate commission of the offense or to facilitate escape." The term "physically restrained," is defined in Application Note 1(K) to § 1B1.1 as "the forcible restraint of the victim such as by being tied, bound, or locked up," whereas the background commentary to § 2B3.1 states more definitely that the enhancement applies when a victim "was physically restrained by being tied, bound, or locked up." However, the § 1B1.1 definition is not limited to the examples given. See United States v. Stokley, 881 F.2d 114, 116 (4th

3

Cir. 1989).  In fact, we view the enhancement "broadly, applying it when the defendant points the gun at the victim, thereby restricting the victim's movements and ensuring the victim's compliance with the desires of the defendant."  United States v. Dimache, 665 F.3d 603, 606-07 (4th Cir. 2011).

Here, the robbers pushed a bank teller down towards the floor and grabbed a customer and told her to "get down" in front of the counter.  In addition, the robbers brandished at least one gun and threatened to shoot, essentially restraining everyone in the bank from leaving or preventing them from taking other action.  Accordingly, this enhancement was properly applied.

## IV.

McGowan challenges the district court's two-offense-level enhancement under USSG § 3C1.1 for being an "organizer" of the criminal activity.  Our review of the district court's assessment of a leadership role enhancement is for clear error. See United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011). The Guidelines provide for a two-level adjustment where the defendant is found to be an organizer, leader, manager, or supervisor in a conspiracy that involves less than five participants.  USSG § 3B1.1(c).  In determining whether the defendant exercised control over at least one other participant,

4

see <u>United States v. Rashwan</u>, 328 F.3d 160, 166 (4th Cir. 2003), the court should consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1(c) cmt. n.4.

The district court found an accomplice's testimony to be credible, and that witness stated at trial that, at several key points during the crime, he followed McGowan's directions and decisions. Moreover, McGowan was the point of contact for the two others involved in the crime and the glue holding the three together. On the basis of this evidence, we conclude that the district court did not commit clear error in imposing the leadership enhancement.

V.

Finally, McGowan claims that the Government improperly had various investigators do separate analyses on the cell phones involved. McGowan also asserts that one witness testified to preparing a map that he did not prepare. However, McGowan has provided no specifics as to how the analyses or maps are different or how the multiple investigators prejudiced him. Moreover, the reports and maps were not objected to at trial.

Accordingly, we conclude that McGowan suffered no prejudice from any error.

## VI.

In accordance with Anders, we have reviewed the entire record in this case for meritorious issues and have found none. Accordingly, we affirm McGowan's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

AFFIRMED